UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DERRYAL WATSON,

                                  Civil No. 20-12021

        Plaintiff,

v.                                  Stephanie Dawkins Davis
                                      United States District Judge

HEIDI WASHINGTON, *et. al.*,

        Defendant,

_____/

**OPINION AND ORDER (1) REOPENING THE CASE TO THE
COURT'S ACTIVE DOCKET, (2) GRANTING THE MOTION TO
AMEND THE COMPLAINT, AND (3) SUMMARILY DISMISSING
CIVIL RIGHTS COMPLAINT WITH PREJUDICE**

## I.    INTRODUCTION

Derryal Watson, ("Plaintiff"), incarcerated at the G. Robert Cotton

Correctional Facility in Jackson, Michigan, filed a civil rights complaint pursuant

to 42 U.S.C. § 1983.  The complaint was dismissed without prejudice because the

Court concluded that the defendants named by plaintiff cannot be sued under 42

U.S.C. § 1983.  Plaintiff has now filed a motion to alter or amend judgment and an

amended complaint.  The Court grants plaintiff's motion to amend the complaint.

The Court directs the Clerk of the Court to reopen the case to the Court's docket.

However, the amended complaint is dismissed for failing to state a claim upon

which relief can be granted.

## II.    STANDARD OF REVIEW

Plaintiff is allowed to proceed without prepayment of fees.  *See* 28 U.S.C.

§ 1915(a); *McGore v. Wrigglesworth,* 114 F. 3d 601, 604 (6th Cir. 1997).

However, 28 U.S.C. § 1915(e)(2)(B) states:

> Notwithstanding any filing fee, or any portion thereof,
> that may have been paid, the court shall dismiss the case
> at any time if the court determines that:
> (B) the action or appeal:
>
> (i) is frivolous or malicious;
>
> (ii) fails to state a claim on which relief may be granted;
> or
>
> (iii) seeks monetary relief against a defendant who is
> immune from such relief.

A complaint is frivolous if it lacks an arguable basis in law or fact.  *Neitzke v.*

*Williams*, 490 U.S. 319, 325 (1989); *see also Denton v. Hernandez*, 504 U.S. 25,

32 (1992).  *Sua sponte* dismissal is appropriate if the complaint lacks an arguable

basis when filed. *McGore*, 114 F. 3d at 612.

While a complaint "does not need detailed factual allegations," the "[f]actual

allegations must be enough to raise a right to relief above the speculative level on

the assumption that all the allegations in the complaint are true (even if doubtful in

fact)."  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)(footnote and

citations omitted).  Stated differently, "a complaint must contain sufficient factual

matter, accepted as true, 'to state a claim to relief that is plausible on its face.'"

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556).

To establish a prima facie case under 42 U.S.C. § 1983, a civil rights plaintiff must show that: (1) the defendant acted under color of state law; and (2) the offending conduct deprived the plaintiff of rights secured by federal law. *Bloch v. Ribar*, 156 F. 3d 673, 677 (6th Cir. 1998) (citing *Parratt v. Taylor*, 451 U.S. 527, 535 (1981)).  "If a plaintiff fails to make a showing on any essential element of a § 1983 claim, it must fail."  *Redding v. St. Eward*, 241 F. 3d 530, 532 (6th Cir. 2001).

## III.   COMPLAINT

Plaintiff claims that his life and health are at risk because of the ongoing Coronavirus Pandemic or COVID-19.

Plaintiff originally sued Heidi Washington, the Director of the Michigan Department of Corrections, and Noah Nagy, the Warden of the G. Robert Cotton Correctional Facility where plaintiff is incarcerated as the sole defendants in this case.  Plaintiff alleged that the defendants were not taking the appropriate measures to protect his health and that of other prisoners.

3

The Court summarily dismissed the complaint against Defendant Washington, the Director of the Michigan Department of Corrections, and Defendant Nagy, the warden at the Cooper Street Facility, because plaintiff failed to allege any personal involvement on the part of either defendant with the alleged unconstitutional deprivation.  The Court gave plaintiff 30 days to file an amended complaint naming the appropriate defendants who were involved with the alleged deprivation of his constitutional rights.  (ECF No. 8).

Plaintiff filed a motion to alter or to amend judgment under Fed. R. Civ. P. 59, along with an amended complaint.  Plaintiff in his amended complaint again names Heidi Washington and Noah Nagy as the defendants but this time alleges that both defendants were personally responsible in promulgating policies and practices that are putting prisoners at risk for contracting COVID-19.  The remainder of his allegations are similar to the allegations he raised in his original complaint.

## IV.    DISCUSSION

A.    <u>The motion to alter or amend judgment is granted.  The Clerk of the Court shall reopen the case to the Court's Active Docket</u>.

This Court must first reopen Plaintiff's case before he can submit an amended complaint.  *See In re Ferro Corp. Derivative Litigation*, 511 F.3d 611, 624 (6th Cir. 2008).  "Following entry of final judgment, a party may not seek to amend their complaint without first moving to alter, set aside or vacate judgment

pursuant to either Rule 59 or Rule 60 of the Federal Rules of Civil Procedure." *Id.*

(quoting *Morse v. McWhorter*, 290 F.3d 795, 799 (6th Cir. 2002)).  Therefore,

unless post-judgment relief is granted, a district court does not have the power to

grant a motion to amend the complaint pursuant to Rule 15(a).  *Id.*

This Court reopens the case to the Court's active docket and permits plaintiff

to file an amended complaint.  The Court in its earlier order specifically stated that

plaintiff could file an amended complaint naming the appropriate defendants who

were personally involved with the alleged constitutional violation.  Plaintiff has

done that.

B.    The amended complaint is dismissed for failing to state a claim for
relief.

A supervisory official cannot be held liable under § 1983 for the misconduct

of officials that the person supervises unless the plaintiffs can demonstrate that

"the supervisor encouraged the specific instance of misconduct or in some other

way directly participated in it."  *Combs v. Wilkinson*, 315 F.3d 548, 558 (6th Cir.

2002) (quoting *Bellamy v. Bradley,* 729 F. 2d 416, 421 (6th Cir. 1984)).  A plaintiff

must show, at a minimum, that the supervisory official "at least implicitly

authorized, approved, or knowingly acquiesced in the unconstitutional conduct of

the offending officers."  *Id.*  "Supervisory liability under § 1983 cannot be based

on a mere failure to act but must be based upon active unconstitutional behavior."

*Combs*, 315 F. 3d at 558.  Plaintiff alleges that Defendants Washington and Nagy

were personally involved in implementing the policies that he claims are putting

him at risk of contracting COVID-19.  Accordingly, plaintiff is not merely suing

these defendants under a theory of supervisory liability.

Plaintiff's amended complaint fails, however, because he has failed to show

that the defendants or other personnel with the Michigan Department of

Corrections (MDOC) are not taking adequate steps to prevent the spread of

COVID-19 in prison.  The Eighth Amendment to the U.S. Constitution requires

prison officials to provide adequate medical care to prisoners.  *Farmer v. Brennan*,

511 U.S. 825, 832 (1994); *Brooks v. Celeste*, 39 F. 3d 125, 127 (6th Cir. 1994).

The Eighth Amendment prohibition against unnecessary and wanton infliction of

pain is violated when there is deliberate indifference to the serious medical needs

of an inmate.  *Hicks v. Grey*, 992 F. 2d 1450, 1454-1455 (6th Cir. 1993).  The test

to ascertain whether prison or jail officials were deliberately indifferent to an

inmate's serious medical needs, in violation of the Eighth Amendment prohibition

against cruel and unusual punishment, has both an objective and subjective

component.  *Napier v. Madison County, Ky.*, 238 F. 3d 739, 742 (6th Cir. 2001)

(citing *Brown v. Bargery*, 207 F. 3d 863, 867 (6th Cir. 2000)).  Under the objective

component, the inmate must establish that the alleged deprivation is sufficiently

serious and poses a substantial risk of serious harm.  The subjective component is

established if the inmate shows that prison officials had a "sufficiently culpable

state of mind." *Napier v. Madison County, Ky.*, 238 F. 3d at 742 (citing *Farmer v. Brennan,* 511 U.S. at 834).  In other words, to prove deliberate indifference, a plaintiff must show that the defendant "knew of, yet disregarded, an excessive risk to his health." *Logan v. Clarke*, 119 F. 3d 647, 649 (8th Cir. 1997).

Plaintiff failed to adequately allege or show that the State of Michigan is unable or unwilling to protect him and other inmates through precautionary measures. *Titus v. Nagy*, 2020 WL 1930059, at * 3 (E.D. Mich. Apr. 21, 2020), *reconsideration denied*, 2020 WL 2733882 (E.D. Mich. May 26, 2020).  Defendant Washington, as Director of the MDOC issued a memorandum, listing in detail the numerous steps undertaken by the MDOC to protect staff and prisoners from the spread of COVID-19.  The Director's memorandum outlines various precautionary measures that staff should take to prevent the spread of COVID-19.  These precautionary measures include: developing isolation areas for the placement and treatment of prisoners who (i) have tested positive for COVID-19, (ii) are under investigation for having COVID-19, or (iii) have had close contact with known-positive COVID-19 individuals; the wearing of protective gear; the screening of individuals entering correctional facilities; and social distancing.  *Id.*  Governor Gretchen Whitmer also promulgated certain protocols to mitigate the spread of COVID-19 among state prisoners and employees who work in state prisons. Executive Order 2020-119 requires MDOC to continue the risk-reduction protocols

already in place and implemented in its facilities.  These protocols include: screening persons entering and departing facilities; restricting visitors; limiting off-site appointments; developing and implementing protocols for inmates with COVID-19 symptoms; providing personal protective equipment for staff; stringently cleaning areas and surfaces; ensuring access to personal hygiene products; practicing social distancing; and minimizing crowding.  *Id.*

The Sixth Circuit in *Wilson v. Williams*, 961 F. 3d 829, 838 (6th Cir. 2020) confronted an Eighth Amendment challenge brought by several inmates at the Federal Correctional Institution in Elkton, Ohio alleging that prison staff at FCI-Elkton were deliberately indifferent to the medical risks caused by the COVID-19 virus.  The inmates sought a preliminary injunction as part of their habeas petition. The Sixth Circuit ruled that the prisoners were not likely to succeed on the merits of their Eighth Amendment.  The Sixth Circuit agreed with the inmates that there was a potential risk of serious harm to inmates at FCI-Elkton through exposure to the COVID-19 virus.  As of April 22, 2020, fifty-nine inmates and forty-six staff members tested positive for COVID-19, and six inmates died.  *Wilson v. Williams*, 961 F.3d at 840.  The Sixth Circuit concluded, however, that the petitioners did not show that prison officials at FCI-Elkton were deliberately indifferent to the prisoners' medical needs.  *Id.*  The Sixth Circuit noted that prison officials at FCI-Elkton were:

implement[ing] measures to screen inmates for the virus; isolat[ing] and quarantin[ing] inmates who may have contracted the virus; limit[ing] inmates' movement from their residential areas and otherwise limit[ing] group gatherings; conduct[ing] testing in accordance with CDC guidance; limit[ing] staff and visitors and subject[ing] them to enhanced screening; clean[ing] common areas and giv[ing] inmates disinfectant to clean their cells; provid[ing] inmates continuous access to sinks, water, and soap; educat[ing] staff and inmates about ways to avoid contracting and transmitting the virus; and provid[ing] masks to inmates and various other personal protective equipment to staff.

*Id.* at 841.  The Sixth Circuit concluded that through these actions, the BOP "had

responded reasonably to the risk posed by COVID-19 and that the conditions at

Elkton cannot be found to violate the Eighth Amendment." *Wilson v. Williams*,

961 F.3d at 841:

> Here, while the harm imposed by COVID-19 on inmates at Elkton "ultimately [is] not averted," the BOP has "responded reasonably to the risk" and therefore has not been deliberately indifferent to the inmates' Eighth Amendment rights. *Farmer*, 511 U.S. at 844, 114 S.Ct. 1970.  The BOP implemented a six-phase action plan to reduce the risk of COVID-19 spread at Elkton.  Before the district court granted the preliminary injunction at issue, the BOP took preventative measures, including screening for symptoms, educating staff and inmates about COVID-19, cancelling visitation, quarantining new inmates, implementing regular cleaning, providing disinfectant supplies, and providing masks. The BOP initially struggled to scale up its testing capacity just before the district court issued the preliminary injunction, but even there the BOP represented that it was on the cusp of expanding testing. The BOP's efforts to expand

9

> testing demonstrate the opposite of a disregard of a
> serious health risk.

*Id.* at 841.

The steps undertaken by Director Washington, Warden Nagy, and other prison officials to contain the COVID-19 virus in the Michigan prisons are virtually identical to the steps taken by prison officials at FCI-Elkton which were deemed to pass constitutional muster by the Sixth Circuit. The fact that prison officials may have been unable to completely eradicate the spread of COVID-19 in the Michigan prison system does not demonstrate deliberate indifference to the medical needs of the inmates. *Wilson v. Williams*, 961 F.3d at 842-43. The MDOC's failure to make "full use of the tools available to remove inmates from [prison], such as temporary release, furlough, or home confinement" likewise does not establish deliberate indifference; Sixth Circuit "precedents do not require that prison officials take every possible step to address a serious risk of harm." *Id.* at 844. Indeed, "[t]he MDOC has taken extensive steps to address the risk of COVID-19 to inmates statewide. As noted by the Sixth Circuit in *Wilson*, such actions demonstrate the opposite of a disregard of a serious health risk." *Hill v. Whitmer*, 471 F. Supp. 3d 803, 808 (W.D. Mich. 2020). Accordingly, plaintiff failed to show that the MDOC has been deliberately indifferent to the COVID-19 pandemic. *Id.*

V.   **ORDER**

Accordingly, it is **ORDERED** that the amended complaint (ECF No. 10) is

**DISMISSED** for failing to state a claim upon which relief can be granted.

The Court certifies that any appeal by plaintiff would be frivolous and not in

good faith.  28 U.S.C. § 1915(a)(3); *Coppedge v. United States*, 369 U.S. 438, 445

(1962).

s/Stephanie Dawkins Davis
Stephanie Dawkins Davis
United States District Judge

Dated: September 30, 2021